UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sarah Ouayoun a/k/a Sarah Katzburg, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br><br><br><br> -v.-<br><br>Portfolio Recovery Associates, LLC,<br><br>       Defendant(s). | Civil Action No: 1:21-cv-3490<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Sarah Ouayoun, also known as Sarah Katzburg (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

  1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with an address for service in New York State at Corporation Service Company 80 State Street Albany, New York, 12207.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individual consumers in the State of New York;

   b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c. in which Defendant warns "if somebody sues you" and "BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN";

   d. when in reality Defendant will never sue even if the consumer makes a partial payment;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e et seq.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. § l692e et seq.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.     Some time prior to May 4, 2021, upon information and belief, an obligation was incurred by Plaintiff to the original creditor, Citibank N.A. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes.

21.     Upon information and belief, the original creditor sold the defaulted debt to Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

22.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23.     The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

*Violation – May 4, 2021 Collection Letter*

24.     On or about May 4, 2021, Defendant sent Plaintiff a collection letter ("Letter") regarding the alleged debt. (See Letter at Exhibit A.)

25.     In relevant part, the Letter states:

"The legal time limit (statute of limitations) for **suing you** to collect this debt has expired. However, **if somebody sues** you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court the statute of limitations has expired to prevent the creditor

6

from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, **BE AWARE**: if you make a payment, **the creditor's right to sue you** to make you pay the entire debt may START AGAIN. Also BE AWARE: if you admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt in **enforceable in court** may start again." (Capitalization from original text, bolded words are for emphasis.)

26. Although purportedly innocuous, this tacit inclusion of at least (4) four mentions of the potential for a lawsuit is used by the Defendant to inflict fear of litigation in the mind of the Plaintiff consumer.

27. In truth, the Defendant is not a law firm and would never sue on the debt.

28. Defendant maintains an internal practice of refraining from sending time-barred debt accounts to outside counsel for litigation.

29. Defendant does not collect or attempt to collect any time-barred debt through litigation.

30. As such, Defendant cannot and will not bring a law suit against the Plaintiff for the underlying debt.

31. In theory, if the debt collection efforts needed to be escalated against the Plaintiff to the point of litigation, the debt collection would need to be transferred to another entity other than the Defendant for handling.

32. Therefore, it is clear that the Defendant deceptively tried to evoke the fear of litigation in the mind of the Plaintiff. In truth, the option of a law suit was not even available to the Defendant.

33. The Plaintiff incurred an informational injury as Defendant implied litigation would occur against the Plaintiff when, in truth, there was no possibility of litigation at the time the Letter was received.

34. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. Defendant violated §1692e:

   a. As the letter falsely represents the character and legal status of the debt in violation of §1692e(2)(A); and

   b. As the letter threatens litigation that cannot legally be taken and/or is not intended to be taken, in violation of §1692e(5); and

   c. As the letter makes a false and misleading representation in violation of §1692e(10).

39. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

40. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sarah Ouayoun a/k/a Sarah Katzburg, individually and on behalf of all others similarly situated, demands judgment from Defendant Portfolio Recovery Associates, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 22, 2021                                                       Respectfully Submitted,

                                                          **STEIN SAKS, PLLC**

                                                          **/s/ Tamir Saland**
                                                          Tamir Saland, Esq.
                                                          One University Plaza, Suite 620
                                                          Hackensack, NJ 07601
                                                          Ph:  201-282-6500 ext. 101
                                                          Fax: 201-282-6501
                                                          tsaland@steinsakslegal.com
                                                          *Counsel for Plaintiff*